UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAHUSIA JHUTY BANSHU,

                 Plaintiff,

-against-

WILLEM EDOUARD, et al.,

                 Defendants.

24-CV-1105 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction and asserting that Defendants violated his federally protected rights with respect to his minor child. Named as defendants are two members of the New York City Police Department Transit Bureau District 3 ("Transit Bureau 3") and two employees of the New York City Administration for Children's Services ("ACS"). By order dated May 21, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.[1]

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Shortly after commencing this action, Plaintiff filed an amended complaint. (ECF 4.)

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff asserts that Defendants have violated his federal rights under the First, Third, Fourth, Fifth, and Eighth Amendments and "Art. VI S. 11."[2] (ECF 4, at 2.) He sues (1) Sergeant Willem of Transit Bureau 3; (2) Lieutenant Toussaint of Transit Bureau 3; (3) B. Vasquez, a supervisor at ACS; and (4) Shante Dukes, a social worker at ACS. Plaintiff seeks injunctive relief, including this Court's "interven[tion] between children predator service to cease and desist investigating [Plaintiff's] clan when in the past they caused more harm than good." (*Id*. at 9.) He also seeks money damages.

The following information is taken from the amended complaint. On February 8, 2024, Plaintiff had an argument with his fifteen-year-old daughter and she ran away, ending up at Transit Bureau 3. Instead of contacting Plaintiff immediately, Defendant Edouard questioned Plaintiff's minor daughter without his consent and had her fill out a statement and sign it. Plaintiff contends that the statement is "[e]vidential fabrication-this false evidence, was/is

---

[2] The Court quotes from the amended complaint verbatim. All spelling, punctuation, and grammar are as in the original unless otherwise indicated.

information obtained illegally in order to sway a case." (*Id*. at 6.) Edouard then contacted Plaintiff's "other cell," which Plaintiff's other daughter answered, and Edouard gave her his cell phone number. After Plaintiff's daughter gave him the information, Plaintiff called Edouard at about midnight, who said he would bring the minor daughter home.

Plaintiff waited twenty minutes for Edouard to arrive with his minor daughter before calling him back. Edouard informed him that he did not have anyone to bring the minor daughter home at the time. Plaintiff believes, however, that the "real reason why is [Edouard] wanted to question her more, taking advantage of a naïve by nature 15 year old." (*Id*.) Edouard eventually directed another officer to take the minor daughter home although he knew Plaintiff was on his way to Transit Bureau 3. According to Plaintiff, Edouard

> coerced my daughter by saying it was no criminality involved so he wouldn't be arrested and[] there was no need to call ACS, (making a false statement to her, when he knew his intention were malicious and[] deceptive, he repeatedly asked her the same question), (like is there violence in the home)? (And[] handing her a questionnaire to fill out which was actually a statement form).

(*Id*.) When Plaintiff arrived at Transit Bureau 3, he provided his I.D. to Defendant Toussaint, who wrote Plaintiff's information down, "only to conspire to direct and[] public enticement to commit genocide by engaging in unlawful networking contacting their collusive agency ACS that funds their athletic league or whatever." (*Id*.)

Plaintiff sent a text message to Toussaint stating that he could sue him for questioning his minor daughter without his consent, and he followed it with a second text message in which he threatened to sue Toussaint if ACS came to his residence. Toussaint replied that Plaintiff's minor daughter had come to him for help, informing him that she had ran away after a dispute with her father. Plaintiff asserts,

> That statement alone gives me full authority to ask questions and[] document the incident as per NYS law (of course without citing the laws) As per the supremacy clause four case laws will be cited <u>Marbury vs. Madison</u>, stating a law appeared to

look as law is null and[] void if in conflict with the [C]onstitution, striking down a [s]tate law as unconstitutional in Fletcher vs. Peck. In Roe vs. Wade the court held that a woman's right to an abortion fell within her privacy (as recognized in an earlier case, Griswold vs. Connecticut.

(*Id*.)

Plaintiff claims that the police called "ACS/SCR out of retaliation" because "nothing about physical or sexual abuse was even mentioned." (*Id*.) He further asserts that Edouard questioned his minor daughter in an "overzealous manner," which was effectively an "unreasonable search and seizure" in violation of her rights under the Fourth Amendment. (*Id*.) Plaintiff also contends that Edouard's actions violated his right to due process under the Fourteenth Amendment and the "fabricated evidence" is an "unreasonable seizure" and a "federal crime." (*Id*. at 9-10.)

According to Plaintiff, in the early morning of February 9, 2024, "emergency social workers" knocked on his door and rang the doorbell, "showing lack of respect for the dignity, integrity of this clan and[] making [him] the target of an investigation maltreatment or abuse." (*Id*. at 6.) In addition, on February 11, 2024, Defendant Dukes of ACS visited Plaintiff's apartment. He declined to talk to her, citing his right to privacy.

Plaintiff also refers to a 2018 incident involving the police and social workers in which he and his "clan/'family' underwent cruel and inhuman treatment." (*Id*. at 7.) He alleges that, on July 27, 2018, social workers obtained an emergency "access order" and "unlawfully entered" the residence where he and three minor children were resting in the early morning. (*Id*.) He was "falsely arrested" and a "bogus petition claiming [he] neglected [his] bloodline by not providing them supervision" was issued. Plaintiff fought for years "to get back custody o[f] his bloodline from the corrupt criminal franchise of NEW YORK CITY ACS. (*Id*. (emphasis in original).)

Plaintiff also asserts that Edouard abused his authority in August 2018, by "forcibly removing" a woman from the hospital and threatening her with arrest. (*Id.*)

## DISCUSSION

### A.   Claims on Behalf of Minor Daughter

The Court must dismiss any claims Plaintiff is seeking to assert on behalf of his minor daughter. The statute governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing [herself]." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer parent ordinarily cannot represent a child's interests *pro se*. See *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); s*ee also Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child"). Minors "are entitled to trained legal assistance so their rights may be fully protected" and nonlawyer parents are not trained to represent competently the interests of their children. *Cheung*, 906 F.2d at 61. Moreover, "a district court has a duty to raise this issue *sua sponte*." *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009); *Fauconier v. Comm. on Special Educ.*, No. 02-CV-1050 (RLE), 2003 WL 21345549, at *1 (S.D.N.Y. June 10, 2003) ("[A] court has an affirmative duty to enforce the rule that a non-attorney parent must be represented by counsel when bringing an action on behalf of his or her child." (citing *Cheung*, 906 F.2d at 61)).

Because Plaintiff is not an attorney, he cannot bring claims on behalf of his minor child. The Court therefore dismisses without prejudice any claims Plaintiff is asserting on behalf of his minor daughter.

B.     **Claims under Section 1983**

Plaintiff's assertions amount to a claim that Defendants infringed on his constitutional rights to family integrity by questioning his fifteen-year-old daughter without his consent and referring the matter to ACS for investigation. Because he alleges that the police and employees of ACS are responsible for the alleged violations, his claims can be construed as ones asserted under 42 U.S.C. § 1983. Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1.     **Right to Family Integrity**

Plaintiff's assertion that Defendants infringed on his right to family integrity arguably may implicate the substantive component of the Due Process Clause of the Fourteenth Amendment. Substantive due process "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). Parents have a "constitutionally protected liberty interest in the care, custody and management of their children," and can bring a substantive due process claim to challenge a violation of those rights. *Southerland v. City of N.Y.*, 680 F.3d 127, 142 (2d Cir. 2011); *see also Troxel v. Granville*, 530 U.S. 57, 65 (2000) ("The liberty interest . . . of parents in the care, custody, and control of their children . . . is perhaps the oldest of the fundamental liberty interests recognized by this Court.") The right to family integrity, however, "'does not automatically override the sometimes competing' government interest in protecting children, [ ] particularly from harm caused by the parents themselves." *E.D. ex rel. V.D. v. Tuffarelli*, 692 F.

6

Supp. 2d 347, 360 (S.D.N.Y. 2010) (quoting *Kia P. v. McIntyre*, 235 F.3d 749, 758 (2d Cir. 2000)). To establish a substantive due process violation, "the interference with the plaintiff's protected right must be 'so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection.'" *Southerland*, 680 F.3d at 151– 52 (2d Cir. 2012) (quoting *Anthony v. City of N.Y.*, 339 F.3d 129, 142– 43 (2d Cir. 2003). "Where there is no actual loss of custody, no substantive due process claim can lie." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 276 (2d Cir. 2011).

Plaintiff does not allege facts suggesting government conduct that infringed on his right to family integrity sufficient to give rise to a substantive due process claim. He cannot state a substantive due process claim for the simple reason that he does not allege that he ever lost custody of his minor daughter because of Defendants' actions. *See Phillips v. Cnty of Orange*, 894 F. Supp. 2d 345, 380 (S.D.N.Y. 2012) (plaintiffs do not to state a viable substantive due process claim against the defendants because they never lost custody of their child). Furthermore, while Plaintiff may have understandably been upset to learn that the police questioned his daughter without obtaining his consent, the questioning did not violate his liberty interest in her care, custody, and management. The Court's research has disclosed no authority establishing any fundamental right to prevent the police from questioning children over their parent's objections or without their consent. *See Hanson v. Dane Cnty., Wis.,* 608 F.3d 335, 338 (7th Cir. 2010) ("no constitutional problem in posing questions to minor's over their parents' opposition," except in cases in which the police acted "arbitrarily"); *K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 215-16 (S.D.N.Y. 2013) (in-school interview of child by police and social worker without parental consent did not parent's violate liberty interest); *Phillips*, 894 F.Supp.2d at 376-77 (interview of five-year-old child by social workers and police

officer without parental notice or consent did not violate parents' liberty interest). The Court finds that Plaintiff has failed to allege facts sufficient to suggest that the police questioning of his minor daughter was "so shocking, arbitrary, and egregious" that the conduct violated substantive due process. *Southerland*, 680 F.3d at 151–52 (citation and internal quotation marks omitted).

Plaintiff also fails to state a claim of a violation of his right of family integrity with regard to the police referral of the matter to ACS and the conduct of any subsequent investigation. Courts have held that a parent "has no right to be free from [an] ACS investigation." *Watkins-El v. Dep't of Educ.*, No. 16-CV-2256, 2016 WL 5867048, at *4 (E.D.N.Y. Oct. 7, 2016); *see also Phillips*, 894 F. Supp. 2d at 378-79 (quoting *Doe v. Heck*, 327 F.3d 492, 520 (7th Cir. 2003)); *Villanueva v. City of New York*, No. 08-CV-8793 (LBS), 2010 WL 1654162, at *7 (S.D.N.Y. Apr. 14, 2010).

For the reasons stated, Plaintiff's claim that Defendants infringed on his right to family integrity must be dismissed for failure to state a claim on which relief may be granted.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Retaliation

Plaintiff asserts that the police "called ACS/SCR out of retaliation," because "nothing about physical or sexual abuse was even mentioned." (ECF 4, at 6.) To state a First Amendment retaliation claim, a private citizen must allege that "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment

---

[3] The Court does not address Plaintiff's reference to the July 2018 incident, which he appears to discuss solely to contextualize his claims concerning the more recent events of February 2024, involving his minor daughter. Nothing in this order, however, prohibits Plaintiff from pursuing his federal and corresponding state law claims in the appropriate courts arising out of the 2018 events.

right." *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001); *see Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008) ("Regardless of the factual context, [courts] have required a plaintiff alleging retaliation to establish speech protected by the First Amendment.").

Plaintiff's amended complaint is devoid of facts suggesting that the police retaliated against him for exercising a First Amendment-protected interest. Although he alleges that he sent text messages to Defendant Toussaint stating that Toussaint could be sued for the questioning of his minor daughter and threatening to sue if ACS came to his residence, Plaintiff's allegations do not suggest that the referral to ACS was made because of his text messages or that his exercise of his First Amendment rights was effectively chilled. Rather, it appears that he sent the texts in response to the police referral of the matter to ACS. Plaintiff's First Amendment retaliation claim must therefore be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Claims under State Law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.     Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   August 26, 2024
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge